FORD & HARRISON, LLP
David L. Cheng SBN 240926
350 South Grand Ave., Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Tiffany D. Downs, GA SBN 228467
*Appearing Pro Hac Vice*
271 17th Street NW
Suite 1900
Atlanta, GA 30363
Telephone: (404) 888-3800
Facsimile: (404) 888-3863

Attorneys for Defendants:
INTERNATIONAL PAPER COMPANY;
FIDUCIARY REVIEW COMMITTEE OF THE RETIREMENT PLAN
OF INTERNATIONAL PAPER COMPANY; and
PLAN ADMINISTRATOR OF THE RETIREMENT PLAN
OF INTERNATIONAL PAPER COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONALD A. WALLACE, <br><br> Plaintiff, <br><br> vs. <br><br> INTERNATIONAL PAPER COMPANY, a New York Corporation; FIDUCIARY REVIEW COMMITTEE OF THE RETIREMENT PLAN OF INTERNATIONAL PAPER COMPANY; PLAN ADMINISTRATOR OF THE RETIREMENT PLAN OF INTERNATIONAL PAPER COMPANY; and ALIGHT SOLUTIONS, LLC (Formerly Known As Hewitt Associates, LLC), <br><br> Defendants. | NO.: 8:20-cv-00242-JVS-DFM <br><br> **INTERNATIONAL PAPER COMPANY DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) AND TO STAY PROCEEDINGS PENDING RULING** <br><br> Date: June 8, 2020 <br><br> Time: 1:30 PM <br><br> Place: Santa Ana, Courtroom 10C <br><br> Judge: Hon. James V. Selna <br><br> Complaint Filed:   February 6, 2020 <br> Trial Date: None Set |

FORD & HARRISON
LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

The Defendants, International Paper Company ("IP"), the Fiduciary Review Committee of the Retirement Plan of International Paper Company ("Committee"), and the Plan Administrator of the Retirement Plan of International Paper Company ("Plan Administrator") (hereinafter collectively referred to as the "IP Defendants"), by and through their attorneys Ford & Harrison, LLP, hereby request that this Honorable Court enter an Order transferring this matter to the chosen venue requested herein pursuant to 28 U.S.C. § 1404(a) and stay all further proceedings in this matter pending the Court's ruling on this Motion. There are two bases for the transfer of venue: (1) Plaintiff's lawsuit is subject to a valid forum selection clause that mandates transfer of this matter to the United States District Court for the Western District of Tennessee and (2) the majority of the IP Defendants' witnesses and documents related to the administration of Plaintiff's pension benefit are located in Tennessee. In support thereof, the IP Defendants state as follows:

## I.    PRELIMINARY STATEMENT

Plaintiff, Donald A. Wallace ("Plaintiff"), filed this action against the IP Defendants and their third-party Administrator Alight Solutions, LLC formerly known as Hewitt Associates, LLC's ("Alight") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.[1] Plaintiff was a participant in the Retirement Plan of International Paper Company (the "Plan") through which he was entitled to certain pension benefits. Prior to working for IP, Plaintiff worked for Crown Zellerbach Corporation (later acquired by Gaylord Container) and participated in the Crown Zellerbach Retirement Plan.

Plaintiff claims that the IP Defendants breached their alleged respective fiduciary duties as a result of Alight's errors in calculating Plaintiff's pension benefit and providing him with pension benefit statements containing the inaccurate

---

[1] Plaintiff also alleged state-law claims for professional negligence and negligent misrepresentation against Alight only. Those claims are not addressed herein as the IP Defendants and Alight are separate parties with separate counsel.

benefit amount. In addition, Plaintiff alleges that the Plan Administrator violated ERISA § 105(a). However, the Summary Plan Description ("SPD") contains a valid and enforceable forum selection clause requiring that any legal action arising under the Plan following the denial of a participant's claim for benefits be brought in the United States District Court for the Western District of Tennessee. As a result, this Honorable Court should enforce the Plan's forum selection clause and this matter should be transferred to the United States District Court for the Western District of Tennessee.

Further, the ERISA venue provision and 28 U.S.C. § 1404(a) support a transfer. Specifically, the IP Defendants Plan documents relating to Plaintiff's pension benefit as well as witnesses involved in reviewing Plaintiff's claim for benefits are located in Tennessee. Therefore, pursuant to ERISA and the factors set forth in 28 U.S.C. § 1404(a), this matter should be transferred to the United States District Court for the Western District of Tennessee.

## II.  FACTUAL BACKGROUND

1. IP is a New York corporation that is headquartered and has its principal place of business in Memphis, Tennessee. (Declaration of Anne Zaragosa is attached as **Exhibit 1**, ¶4); (Compl. ¶ 4).
2. Not only is IP's headquarters and principal place of business located in Memphis Tennessee, but the Plan itself is administered in Memphis, Tennessee. (Ex. 1, ¶¶ 4, 7); (Compl. ¶5).
3. Therefore, the majority of the employees who could testify regarding Plaintiff's claim and appeal for benefits, including but not limited to the Plan Administrator and the Committee, reside in or around Memphis, Tennessee. (Ex. 1, ¶ 8).

4. In addition, Alight, the third-party administrator for the Plan, who performed the erroneous pension calculations and distributed the erroneous pension benefit statements to Plaintiff that form the crux of Plaintiff's Complaint is an Illinois limited liability company headquartered in Lincolnshire, Illinois. (Compl. ¶ 8).

5. Plaintiff is a former employee of IP who was a participant in the Plan from August 4, 2008 through April 3, 2017 when his employment ceased pursuant to a Severance Agreement. (Compl. ¶¶ 20, 33, 37).

6. Prior to working for IP, Plaintiff had worked for Crown Zellerbach Corporation which was later acquired by Gaylord Container Limited (hereinafter referred to as "Crown Zellerbach/Gaylord Container"). Plaintiff worked for Crown Zellerbach/Gaylord Container from January 1, 1981 through January 13, 1988 and participated in the Crown Zellerbach/Gaylord Container Retirement Plan. After terminating his employment with Crown Zellerbach/Gaylord Container, his accrued pension benefit from the Crown Zellerbach/Gaylord Container Retirement Plan was frozen. (Compl. ¶17); (1987 and 1988 Pension Statements are attached as **Exhibit 2**); (June 12, 2018 Response to Claim for Benefits is attached as **Exhibit 3**).

7. Plaintiff received pension benefit statements with an estimate of his frozen accrued pension benefit from Crown Zellerbach/Gaylord Container near the date he terminated his employment from Crown Zellerbach/Gaylord Container. (Ex. 2).

8. On February 28, 2002, Crown Zellerbach/Gaylord Container was acquired by Temple-Inland, Inc. and the Crown Zellerbach/Gaylord Container Retirement Plan was merged into the Temple-Inland, Inc. Retirement Plan. (Compl. ¶19).

9. On February 13, 2012, IP acquired Temple-Inland, Inc. and the Temple-Inland, Inc. Retirement Plan was merged into the Plan. (Compl. ¶¶ 19, 20, 21).

10. On or around April 2, 1991, Plaintiff began working for Weyerhaeuser Corporation. (Compl. ¶18).

11. On or around August 4, 2008, IP purchased the Containerboard Division of Weyerhaeuser Corporation, and Plaintiff became an employee of IP. (Compl. ¶ 20). Weyerhaeuser Corporation remains responsible for administration of former Weyerhaeuser Containerboard Division employees' pensions, including Plaintiff's Weyerhaeuser pension benefit.

12. On August 4, 2008, Wallace began participating in the Retirement Plan of International Paper Company (hereinafter the "Plan"). (Compl. ¶ 20).

13. As a result, the Plan became responsible for paying out Plaintiff's accrued frozen pension benefit from the Crown Zellerbach/Gaylord Container in addition to Plaintiff's separate pension benefit accrued while working for IP. (Compl. ¶ 21).

14. The SPD of the Plan reflects the provisions of the Plan and is in compliance with ERISA (29 U.S.C. § 1022(a)). (Plan Document is attached as **Exhibit 4**); (SPD and Appendix is attached as **Exhibit 5**).

15. Section 12.07 of the Plan Document sets forth the claims and appeals process that controls when a participant or beneficiary files a claim for benefits. (Ex. 4, p. 68).

16. The SPD Appendix explains the claims and appeals process required by Section 12.07 of the Plan Document. (Ex. 5, Appendix p. 2).[2]

---

[2] Please note that Page 2 of the Appendix in the SPD is Page 23 of 45 overall.

17. The SPD provides:

    Should you decide to bring civil action following the denial of your claim review, you must do so within four years from the date of the claim denial in question. A participant or beneficiary shall only bring civil action in connection with the Plan in the United States District Court for the Western District of Tennessee. (Ex. 5, Appendix. p. 2).

18. When IP acquired Temple-Inland, Inc., Alight's processing system performed a new calculation for Plaintiff's pension benefit from his service for Crown Zellerbach/Gaylord Container rather than simply recognizing the frozen benefit that he had actually accrued. (Ex. 2); (Ex. 3).

19. As a result, the pension benefit statements provided to Plaintiff by Alight contained an inflated pension benefit of $7,448.03 instead of the $3,064.81 that Plaintiff was entitled to pursuant to the terms of both the IP Plan Document and the Crown Zellerbach/Gaylord Container Retirement Plan Document. (Ex. 5).

20. In January and February 2018, Alight processed pension benefit payments to Plaintiff in the erroneous amount of $7,448.03. (Compl. ¶¶42-43)

21. Thereafter, Alight performed an audit wherein they discovered the error with Plaintiff's pension benefit, and informed Plaintiff of the error. (Compl. ¶44).

22. Plaintiff submitted an inquiry as to why his benefits amount had been decreased from $7,448.03, the amount set forth in his pension benefit estimates and his retirement enrollment kit. (Compl. ¶¶ 45-46).

23. On June 12, 2018, the IP Defendants responded to Plaintiff's inquiry with an explanation of the errors contained in his benefits estimates and retirement kit and notified him that he had in fact been overpaid $6,966.84 in benefits that he was required to return to the Plan. (Ex. 5).

24. On July 6, 2018, Plaintiff filed an appeal pursuant to Section 12.07 of the Plan Document, which was ultimately denied on December 31, 2018. (Compl. ¶¶ 45-46).

25. As a result of the appeal denial, Plaintiff filed the instant lawsuit on February 6, 2020. (Docket No. 1).

26. In his Complaint, Plaintiff seeks an Order declaring that the IP Defendants are estopped from denying that Plaintiff is entitled to Plan benefits in the amounts set forth in benefits estimates provided to Plaintiff. In addition, Plaintiff requests that the Court surcharge the IP Defendants in the amount necessary to pay the Plaintiff the additional benefits to which he claims he was entitled based upon the erroneous pension benefit estimates. (Compl. pp. 18-20).

27. Therefore, Plaintiff's Complaint unequivocally arises from the IP Defendants denial of his appeal for additional benefits. Pursuant to the valid and enforceable forum selection clause in the SPD, the IP Defendants request that this Honorable Court transfer this matter to the United States District Court for the Western District of Tennessee.

### III. MEMORANDUM OF LAW

This case should be transferred to the United States District Court for the Western District of Tennessee for two reasons: (1) Plaintiff is bound by a valid and enforceable forum selection clause that requires all actions in connection with the Plan to be brought in the United States District Court for the Western District of Tennessee, and (2) both ERISA and the factors enumerated under 28 U.S.C. § 1404(a) favor transfer to Tennessee.

### A. The Forum Selection Clause Requires Transfer

As a general matter, forum selection clauses are *prima facie* valid under federal law. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-32 (1988). The mechanism for enforcing a forum-selection clause is 28 U.S.C. § 1404(a). *Atl.*

*Marine Constr. Co. v. United States Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Pursuant to 28 U.S.C. § 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Further, "[a] forum selection clause is presumptively valid and should control absent a strong showing that it should be set aside." *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 857 (N.D. Cal. 2010) (internal quotations omitted) (quoting *M/S/ Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

As discussed below, in cases not involving a forum selection clause, a district court considering a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) generally evaluates the convenience of the parties and the various public interest considerations. *Atl. Marine Constr. Co.*, 571 U.S. at 63. However, in cases where the parties have agreed to a forum selection clause, the court should not give weight to the plaintiff's selection of venue or the parties' private interests (i.e. convenience). *Id.* at 63-64.

"There are three circumstances under which enforcement of a forum selection clause would be unreasonable: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Rodriguez*, 716 F. Supp. 2d at 858 (quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F. 3d 1133, 1137 (9th Cir. 2004)). In addition, a forum selection clause may be invalidated if "inclusion of the clause was motivated by bad faith or if the party who agreed to the forum selection clause had no notice of the provision. *Id.* (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991)). "The party challenging" a forum selection clause "bears a heavy

1  burden of proof." *Murphy*, 362 F. 3d at 1140.

2  Further, forum selection clauses are permissible under ERISA. "[E]nforcement of forum selection clauses is not inconsistent with the terms or policy rationales of ERISA." *Marin v. Xerox Corp.*, 935 F. Supp. 2d 943, 946 (N.D. Cal. 2013) (holding that a venue selection clause in a plan document was controlling); *see also Rodriguez,* 716 F. Supp. 2d at 861 (holding that "inclusion and enforcement of forum selection clauses in ERISA plans is [] not inconsistent with the language and purpose of the statute, and enforcement should not be denied on that basis."); *see also Angel Jet Servs., LLC v. Red Dot Bldg. Systems' Emple. Benefit Plan*, 2010 U.S. Dist. LEXIS 16345, at *3 (D. Ariz. Feb. 8, 2010) (holding that "[d]espite ERISA's venue provision, federal law generally gives effect to forum selection clauses."). "Forum selection clauses in ERISA cases may be upheld even where the plan participant originally had no knowledge of the clause." *Angel Jet Servs., LLC*, 2010 U.S. Dist. LEXIS 16345, at *5.

In this case, the SPD contains a valid and enforceable forum selection clause which provides that "[a] participant or beneficiary shall only bring civil action in connection with the Plan in the United States District Court for the Western District of Tennessee." (Ex. 5, Appendix p. 2). "An SPD is the statutorily established means of informing participants of the terms of the plan and its benefits." *Almont Ambulatory Surgery Ctr., LLC v. United Health Grp., Inc.*, 99 F. Supp. 3d 1110, 1159 (C.D. Cal. 2015) (internal quotations omitted) (quoting *Alday v. Container Corp. of Am.*, 906 F.2d 660, 665 (11th Cir. 1990)).  The SPD provision on the claims and appeals process directly quotes Section 12.07 of the Plan and clearly provides that any litigation stemming from a participant's claim or appeal shall be brought in the United States District Court for the Western District of Tennessee. (Ex. 4, p. 68); (Ex. 5, Appendix p. 2). Furthermore, pursuant to ERISA, SPDs are regularly distributed to Plan participants. *Almont Ambulatory Surgery Ctr., LLC*, 99. F. Supp. 3d at 1159. Not only is the forum selection clause in the SPD, but it

1 was directly quoted in the Appeal Denial letter provided to Wallace on December 2 31, 2018. (Appeal Denial Letter is attached as **Exhibit 6**). The Appeal Denial 3 letter specifically provides "a participant or beneficiary shall only bring civil action 4 in connection with the Plan in the United States District Court for the Western 5 District of Tennessee." (Ex. 6). As a result, Plaintiff was clearly on notice that any 6 lawsuit arising from a denial of benefits would have to be brought in the United 7 States District Court for the Western District of Tennessee.

8 Furthermore, the inclusion of the forum selection clause was not: (1) the 9 product of fraud; (2) does not deprive Plaintiff of his day in Court as he will 10 undoubtedly have his day in Court in the United States District Court for the 11 Western District of Tennessee; and (3) does not contravene public policy. 12 Specifically, ERISA plans administer benefits to hundreds, if not thousands of 13 participants nationwide. It is important that ERISA plans have a central location 14 from which they are required to oppose litigation filed against them.

15 As a result of the foregoing, the IP Defendants respectfully request this 16 Honorable Court transfer this case to the United States District Court for the 17 Western District of Tennessee.

18 **B. ERISA's Venue Provision and 28 U.S.C. § 1404(a) Favor Transfer**

19 In addition to the forum selection clause, transfer of this matter is warranted 20 due to the venue provision set forth in ERISA and the factors that courts in the 21 Ninth Circuit consider for transfer under 28 U.S.C. § 1404(a). Specifically, Section 22 502(e)(2) of ERISA provides that "[a]n ERISA action may be brought in the 23 district where the plan is administered, where the breach took place, or where a 24 defendant resides or may be found." *Angel Jet Servs., LLC*, 2010 U.S. Dist. LEXIS 25 16345, at *8 (quoting 29 U.S.C. § 1132(e)(2)). In addition, in reviewing a motion 26 to transfer venue, courts in the Ninth Circuit take into consideration factors such as: 27 "the location where the relevant agreements were negotiated and executed, the 28 respective parties' contacts with the forum, the contacts relating to the plaintiff's

cause of action in the chosen forum, the differences in the costs of litigation in the two forums, the availability of compulsory process to compel attendance of unwilling non-party witnesses, and the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Here, the Plan is administered in Memphis, Tennessee, and the IP Defendants reside and/or may be found in Memphis, Tennessee. (Ex. 1, ¶¶ 4, 7-10); (Compl. ¶ 5). Moreover, Plaintiff has alleged that IP, the Committee and Plan Administrator breached their alleged fiduciary duties to him. While the IP Defendants wholly deny these claims, if this case were to proceed, it is possible that testimony may be needed from witnesses involved in evaluating Plaintiff's claim for benefits and/or witnesses with respect to Plaintiff's claims of breach of fiduciary duty on behalf of the IP Defendants. As set forth above, these witnesses reside in Tennessee. Requiring these witnesses to travel to California when this lawsuit could properly have been brought in the United States District Court for the Western District of Tennessee would place an unnecessary burden and cost on the IP Defendants. *See Los Angeles Mem'l Coliseum Comm'n v. NFL*, 89 F.R.D. 497, 501 (C.D. Cal. 1981) (holding that one of the most important factors in considering a motion to transfer venue is the convenience of witnesses).

Not only would the majority of the potential witnesses involved in this case be located in Tennessee, but many of the documents related to Plaintiff's pension benefit are stored in Memphis, Tennessee. (Ex. 1, ¶¶ 4, 7-10). As a result, the most convenient and local place for the Parties to litigate this matter is Tennessee.

Finally, since this matter could properly be brought in the United States District Court for the Western District of Tennessee even without a forum selection clause, transferring this matter to the United States District Court for the Western District of Tennessee will clearly not contravene public policy. Thus, the United States District Court for the Western District of Tennessee is the proper forum for this matter.

## IV. CONCLUSION

For all of the foregoing reasons, the IP Defendants respectfully request that this Honorable Court transfer this matter from the United States District Court for the Central District of California to the United States District Court for the Western District of Tennessee, and for any further relief the Court deems just and equitable.

Respectfully Submitted,

/s/ Tiffany D. Downs
*One of the IP Defendants' Attorneys*
Tiffany D. Downs (*Appearing Pro Hac Vice*)
271 17th Street NW
Suite 1900
Atlanta, GA 30363
Telephone: (404) 888-3800
Facsimile: (404) 888-3863

David L. Cheng
350 South Grand Ave., Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

INTERNATIONAL PAPER'S MOTION TO TRANSFER VENUE; NO.: 8:20-CV-00242-JVS-DFM

# **PROOF OF SERVICE**

I, Esperansa Reinold, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On May 11, 2020, I electronically filed the attached document:

**INTERNATIONAL PAPER COMPANY DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) AND TO STAY PROCEEDINGS PENDING RULING**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

| | |
|---|---|
| Elizabeth Hopkins<br>Susan Meter<br>KANTOR & KANTOR, LLP<br>19839 Nordhoff Street<br>Northridge, CA 91324<br>Telephone: (818) 886-2525<br>Facsimile: (818) 350-6272<br>ehopkins@kantorlaw.net<br>smeter@kantorlaw.net | Attorneys for Plaintiff<br>DONALD A. WALLACE |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 11, 2020, at Los Angeles, California.

_Esperansa Reinold_
Esperansa Reinold

WSACTIVELLP:11499204.1